IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY D. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 2:22-CV-2126-DJC-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) Plaintiff's motion for the appointment of counsel, ECF No. 19; and (2) Plaintiff's motion for an extension of time, ECF No. 21.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  In his motion, Plaintiff does not cite any reasons supporting the appointment of counsel other than a desire to have an attorney assist him with filing of an amended complaint as directed by the Court on July 25, 2023.  Consequently, Plaintiff has failed to demonstrate the existence of exceptional circumstances.  The Court will grant Plaintiff additional time to prepare and file an amended complaint.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel, ECF No. 19, is DENIED.

2. Plaintiff's motion for an extension of time to file a first amended complaint, ECF No. 21, is GRANTED.

3. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

4. The Clerk of the Court is directed to terminate ECF Nos. 19 and 21 as pending motions.

Dated:  December 4, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE