1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BILLY D. WILLIAMS,                           No.  2:22-CV-2126-DJC-DMC-P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint.  See ECF No.

20   23.

21              The Court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

27   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

28   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

1   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

2   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

3   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

4   with at least some degree of particularity overt acts by specific defendants which support the

5   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6   impossible for the Court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8

9                                        I.  BACKGROUND

10        A.      **Procedural History**

11              Plaintiff initiated this action with a pro se complaint filed on August 22, 2022.  See

12   ECF No. 1.  On July 25, 2023, the original complaint was dismissed with leave to amend.  See

13   ECF No. 17, pg. 3, 5.  After two motions for extension of time were granted by this Court,

14   Plaintiff filed his first amended complaint on December 15, 2023.  See ECF No. 23.

15        B.      **Plaintiff's Allegations**

16              In the first amended complaint, Plaintiff only names Grant Brooks as a defendant

17   to this action.  See id. at 1.  Plaintiff alleges that Grant Brooks was the prosecuting attorney in

18   Plaintiff's felony trial and that he holds the title of Deputy District Attorney at the San Joaquin

19   County District Attorney's Office.  See id. at 2, 7.  The amended complaint appears to state only

20   one claim, but the exact allegations lack coherency.  See generally id.

21              Plaintiff claims that he is being denied equal eligibility for the 2011 Realignment

22   sentencing laws in violation of the Fourteenth Amendment's Due Process Clause.  See id. at 3.

23   Plaintiff also alleges that his probation report incorrectly stated that he "had a felony" noted for

24   November 18, 2000, but supposedly this error was corrected in court.  See id. at 7.

25              In 2012, Plaintiff was convicted of "robbery/carjacking," which he claims is

26   classified as a "serious felony" pursuant to Cal. Penal Code § 1192.7.  See id. at 3.  Plaintiff states

27   that he was denied his pre-sentencing good conduct credits (referencing the Realignment laws)

28   because he was wrongfully classified as a "violent felon" by Defendant Brooks with "ill intent."

1   See id. at 3, 7.  Plaintiff claims that he should not be classified as a § 667.5 violent felon, and that

2   his pre-sentencing good conduct credits were calculated using the wrong formula because of this

3   error.  See id. at 3.  Plaintiff's attorney at the time allegedly told Plaintiff he would be eligible for

4   relief under Cal. Penal Code § 4019, which could have him serving as little as 50% of his

5   sentence.  See id. at 7.  However, Plaintiff states that Defendant Brooks sentenced him pursuant

6   to Cal. Penal Code § 2933.1 instead, "according to [his] abstract of judgement [sic]," making

7   Plaintiff serve at least 85% of his sentence.  See id.  Allegedly, the California Department of

8   Corrections and Rehabilitation (CDCR) "was only going off of [Plaintiff's] abstract of judgment

9   … and that's where the error occurred."  See id.

10          Plaintiff claims that he had to spend 12 years of his life on a maximum level prison

11   yard as a violent felon when he was convicted as a serious felon.  See id. at 3.  Plaintiff also states

12   that his C-file prison records do not show the code "VIO," which is the notation that is given to

13   violent offenders.  See id. at 8.

14          It is unclear if Plaintiff is challenging the notation of "violent felon" on his record,

15   the actual conviction that he received, or if he's trying to make sure his pre-sentencing good

16   conduct credits were calculated using the proper Cal. Penal Code section.  It may be a

17   combination of the above.

18

19                                    **II. DISCUSSION**

20          The Court finds that Plaintiff's first amended complaint suffers from the primary

21   defect of failing to state a claim upon which relief can be granted.  Specifically, Plaintiff cannot

22   use a suit under 42 U.S.C. § 1983 to assert a claim necessarily implying the invalidity of an

23   underlying criminal conviction or sentence.

24          When a state prisoner challenges the legality of his custody and the relief he seeks

25   is a determination that he is entitled to an earlier or immediate release, such a challenge is not

26   cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

27   of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

28   131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

1   1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

2   alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

3   underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in

4   imposition of a sanction affecting the overall length of confinement, such a claim is not

5   cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by

6   habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-

7   84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

8   malicious prosecution action which includes as an element a finding that the criminal proceeding

9   was concluded in plaintiff's favor).

10           Plaintiff's first amended complaint raises claims of trial misconduct, improper

11  sentencing, and incorrect record notations.  The crux of the issue is whether Plaintiff's good

12  conduct credits were calculated correctly and, if Plaintiff were to succeed on his claim that they

13  were not correctly calculated, it would necessarily imply entitlement to a shortened prison

14  sentence.  There is no indication in the first amended complaint that this allegedly improper

15  sentence calculation has been overturned or otherwise invalidated.  As such, Plaintiff's action is

16  barred under Heck.  Plaintiff was advised of the applicability of the Heck-bar when the Court

17  addressed Plaintiff's original complaint.  The amended complaint does not allege additional facts

18  which would allow this case to proceed.

19                                    **III. CONCLUSION**

20          Because it does not appear possible that the deficiencies identified herein can be

21  cured by amending the complaint further, Plaintiff is not entitled to leave to amend prior to

22  dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en

23  banc).

24          Based on the foregoing, the undersigned recommends that this action be dismissed

25  with prejudice for failure to state a claim upon which relief can be granted.

26          These findings and recommendations are submitted to the United States District

27  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

28  after being served with these findings and recommendations, any party may file written

1    objections with the court.  Responses to objections shall be filed within 14 days after service of

2    objections.  Failure to file objections within the specified time may waive the right to appeal.  See

3    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5    Dated:  June 25, 2024

6                                                            _____

                                                            DENNIS M. COTA
7                                                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28